| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| KIMBERLY CHESNEY ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2015-CP-42-4602 |
| vs. ) | |
| ) | |
| TOWN OF LYMAN ) | |
| Defendant(s) ) | |

**Submitted By:** BRIAN ARNOLD
**Address:** 223 WEST STONE AVENUE, GREENVILLE 29609

**SC Bar #:** 16839
**Telephone #:** 242-2427
**Fax #:** 335-4195
**Other:**
**E-mail:**

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☒ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20___-CP-___-___
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☒ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Sexual Predator (510)

**Submitting Party Signature:** /s/ Brian Arnold    **Date:** 11-3-15

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)                                                                      Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
                    **Failure to do so may affect your case or may result in sanctions.**

SCCA / 234 (06/2013)                                                             Page 2 of 2

| STATE OF SOUTH CAROLINA | ) | COURT OF COMMON PLEAS |
| --- | --- | --- |
| COUNTY OF SPARTANBURG | ) | |

Case No. 2015-CP-42-4602

KIMBERLY CHESNEY,

        Plaintiff,

**SUMMONS**
**(JURY TRIAL DEMANDED)**

v.

TOWN OF LYMAN,

        Defendant.

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 223 West Stone Ave., Greenville, South Carolina, 29609 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

Respectfully submitted,

**ARNOLD LAW FIRM, LLC**

By: /s/ Brian E. Arnold

BRIAN E. ARNOLD
S.C. Bar No. 16839
223 West Stone Avenue
Greenville, South Carolina 29609
(864) 242-2427

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| ) | Case No. 2015-CP 42- 4002 |
| KIMBERLY CHESNEY, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| v. ) | |
| ) | |
| TOWN OF LYMAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

COMES NOW Plaintiff, Kimberly Chesney, by and through her counsel, Brian E. Arnold, and files this Complaint as follows:

1. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by state and federal law, which provides relief against sex discrimination.

2. Plaintiff, a female, is a resident of South Carolina and had previously worked for Defendant as a police officer for the Lyman Police Department from June 20, 2014 until August 29, 2014. The Defendant is a political subdivision of the State of South Carolina and is a covered employer under the relevant laws.

3. On June 20, 2014 Plaintiff was hired by Mayor Rodney Turner to be a police officer for the Town of Lyman. She was the only female on the police force at that time. She was terminated by Chief Terry Richards on August 29, 2014 because he said she was "not a good fit." Plaintiff had not been disciplined, warned or verbally talked to about any performance problems by the Chief. However, Chief Richards did not want a female officer working for him and was

against the Mayor hiring Plaintiff. In fact, Chief Richards made a comment to a person inquiring about becoming a police officer, made during Plaintiff's brief employment, that he did not want a female police officer working for him. He further made derogatory comments about working with a female officer. Chief Richards also made comments about terminating Plaintiff because she was a female.

4. This action is filed within 90 days from the date of receipt of this Notice of Right to Sue from EEOC. Defendant is a covered employer as defined under the applicable laws.

5. Plaintiff was an employee entitled to the protections of Title VII. While employed by Defendant and at the time of her termination, Plaintiff performed her job satisfactorily and was meeting Defendant's legitimate expectations.

6. Plaintiff was terminated for pretextual reasons to cover up for the fact that Defendant's intent was to terminate her because of her sex. The circumstances of Plaintiff termination gives rise to an inference of unlawful sex discrimination. Plaintiff was terminated because she was a female.

7. Such discrimination was intentional and in willful disregard of the rights of Plaintiff.

8. As a result of such discrimination, Plaintiff has suffered loss of income and retirement, both back and front pay, loss of fringe benefits, humiliation, loss of reputation and other special and general damages.

**WHEREFORE**, Plaintiff respectfully requests A JURY TRIAL and that this Court enter judgment in her favor and against the Defendant as follows:

3

a. For actual damages as proven to the trier of fact, including compensation for emotional distress, pain and suffering, loss of enjoyment, lost wages (back and front pay), retirement benefits (back and future retirement pay) and mental anguish;

(b) For special damages including the loss of professional and personal reputation;

(c) For costs of suit, including Plaintiff's reasonable attorney's fees; and

(d) such other and further relief as this Court deems just and equitable

Dated this the 3rd day of November 2015.

Respectfully submitted,

**ARNOLD LAW FIRM, LLC**

By: /s/ Brian E. Arnold

Brian E. Arnold
SC I.D. No. 16839
Attorneys for the Plaintiff
223 West Stone Avenue
Greenville, South Carolina 29609
(864) 242-2427

4